*In re* DIETZE.

(*District Court, S. D. New York.* October 25, 1889.,

IMMIGRATION—CONTRACT LABOR—HABEAS CORPUS—RE-EXAMINATION.

The petitioner, an immigrant from Switzerland, arrived at Castle Garden, October 18, 1889. On examination by the proper officers, he stated, and signed an affidavit, in substance, that he was engaged by contract to work for a silk manufacturer at Paterson, N. J., which being reported to the collector, he was directed to be sent back in accordance with the provisions of the act of February 23, 1887, (24 St. at Large, p. 414, c. 220.) *Held* that, the proceedings being regular in every respect, the petitioner could not be released on *habeas corpus*, on the mere ground that his statements in regard to the contract were untrue. Re-examination of facts recommended.

*Habeas Corpus.*

*Robert N. Waite,* for petitioner.

*Edw. Mitchell,* U. S. Atty., and *Abram J. Rose,* Asst. U. S. Atty., for respondent.

BROWN, J., (*orally.*) This case is a very plain one, so far as the duty of the court is concerned, which is not to determine the fact whether the act of 1887 has been violated by the immigrant, but to see whether the proceedings on the part of the collector or other officers in ascertaining and reporting the facts have been regular or irregular. There is no suspicion that the officers who were charged with the examination of Mr. Dietze were actuated by any malicious or unkind motives. The examination was in the ordinary course of business, and in the performance of their duty. Probably, upon the testimony, as it now appears, there was not any such contract as the acts of 1885 and 1887 prohibit. But, however that may have been, Mr. Dietze, in consequence of his own suspicions, was led to make to the examining officers exaggerated statements, or, rather, false statements, if there was not any such contract as they have reported. Upon the testimony before me there is no doubt that he did state to the officers at Castle Garden that he was under contract to work for Mr. Staub, in Paterson, at $25 a week. Mr. Dietze says he was excited, and he cannot remember just what he did say. His answers go far to confirm everything that the officers say, except that the latter are more specific. It is incredible that, without any sort of motive, they should have written down statements which were in no way authorized by Mr. Dietze, in answer to their questions. Very likely Mr. Dietze, finding himself in an inclosure with other persons who were charged with being paupers, was tempted to make these statements from fear of being sent back on the ground that he had no means of sustaining himself here. While he was intent upon avoiding that supposed difficulty, instead of relying upon what now appears to have been the simple fact, viz., that he was merely recommended to Mr. Staub, he untruly stated that he had a contract for employment from him. But his answers to the officers, which I have no doubt were made as they have testified to, fully justified them in reporting him to be re-

turned. They could have done nothing different. Their report was regularly made to the collector, with the affidavit, signed by Mr. Dietze, stating the above contract. Whether it was sworn to or not is immaterial. The report was one which they were required to make in the ordinary course of business. It thus appeared to the collector that Dietze came here under a contract to work for $25 a week, and upon this report the prisoner was liable to be sent back to the place whence he came. All that the court has to do with the matter is to see that the proceedings in ascertaining the facts are regular and fair; and it is plain, upon this testimony, that they were without a shadow of irregularity.

If the prisoner made false statements to the examining officers, he alone is to blame for the condition in which he finds himself now. It is not possible for me to release him upon *habeas corpus*. It may be a suitable case for an application for a further hearing before the collector. I think it is so. But it will be for the collector to hear any such application in the first instance, and to determine it, not for this court; because this court is not the tribunal to make an original examination into the facts, but merely to see that the proceedings by the collector or other officers were fairly conducted, and legally sufficient. I cannot say that they have been in any respect irregular or unfair; and they were based upon evidence that was the best that could be obtained, and apparently conclusive.

It is impossible for the court to interfere with the custody of the prisoner. He must therefore be remanded; but with a recommendation to the collector that he authorize a re-examination of the facts.